PROB 12C(D)
(5/17)

September 7, 2017
pacts id: 1118341

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Juan Carlos Cabrera (Spanish)                **Dkt No.:** 15CR00353-001-L

**Reg. No.:** 26618-038

**Name of Sentencing Judicial Officer:** The Honorable M. James Lorenz, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326(a) and (b), Removed Alien Found in the United States, a Class C felony

**Date of Sentence:** December 18, 2015

**Sentence:** 12 months' custody; 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision: Supervised Release**          **Date Supervision Commenced:** January 14, 2016

**Asst. U.S. Atty.:** Stacey H. Sullivan          **Defense Counsel:**   Sarah M. Gorman
                                                                         (Appointed)
                                                                         619-786-3002
**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D) •      • •
(11/96)
Defendant: Juan Carlos Cabrera
Docket No.: 15CR00353-001-L

September 7, 2017
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

## CONDITION(S)                              ALLEGATION(S) OF NONCOMPLIANCE

**(Mandatory Condition)**
Not commit another federal, state, or local
crime. *(nvl)*

1. On August 10, 2017, Mr. Cabrera, a previously
deported or removed alien, was found in the United
States illegally, the conduct of which is in violation
of 8 U.S.C. § 1326, as evidenced by the complaint
filed in the U.S. District Court, Southern District of
California, Docket No. 17MJ02817-001-JMA.

**Grounds for Revocation:** As to allegation 1, I received and reviewed the complaint, which confirms the following: On the above date, at approximately 7:15 PM, Border Patrol Agent (BPA) A. Ramirez responded to a seismic intrusion device activation. When arriving in the area, which is located approximately ten miles east of the Otay Mesa, California Port of Entry (POE) and approximately two and one half miles north of the United States/Mexico International Border, two individuals were observed walking north in a creek bed. BPA Ramirez identified himself as a United States Border Patrol Agent and conducted an immigration inspection. One individual, later identified as Juan Carlos Cabrera, admitted to being a citizen of El Salvador without documentation allowing him to be in or remain in the United States. The other individual also had no documentation granting permission to be in or remain in the United States. Both Mr. Cabrera and the other individual were placed under arrest. Mr. Cabrera was advised of his Miranda rights and said he understood his rights. Mr. Cabrera was willing to answer questions without an attorney present. He admitted that he was a citizen and national of El Salvador and illegally present in the United States. Furthermore, Mr. Cabrera advised he had previously been deported from the United States and had not applied or requested permission to re-enter legally. Moreover, Mr. Cabrera admitted to illegally entering the United States on August 9, 2017 with intentions of going to New York, New York. Records revealed that the offender was deported from the United States on February 3, 2016 to El Salvador through Phoenix, Arizona.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On August 24, 2017, Mr. Cabrera appeared before U.S. Magistrate Judge Jan M. Adler for a Preliminary Hearing which was continued to September 7, 2017.

PROB 12C(D)
(11/96)

Defendant: Juan Carlos Cabrera

Docket No.: 15CR00353-001-L

September 7, 2017

Page 3

**U.S. Probation Officer Recommendation:**  If found in violation, that supervised release be revoked and the offender be sentenced to 9 months' custody with  no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:**  September 7, 2017

Respectfully submitted:

DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by

Tracy D. Huxman
Senior U.S. Probation Officer
619-409-5125

Reviewed and approved:

Kimberly A. Pelot
Supervising U.S. Probation Officer

PROB 12CW(d)
03/06

September 7, 2017

## EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Cabrera, Juan Carlos

2. **Docket No.** (Year-Sequence-Defendant No.):   15CR00353-001-L

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Deported Alien Found in the U.S. | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [   B   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [   II   ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release.   If the court revokes supervised release, the maximum term of imprisonment upon revocation is:   [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
A Grade B violation with a Criminal History Category II establishes an imprisonment range of:   [6-12 months]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody.   The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation.   In this case, the court has the authority to reimpose a term of:   [   3 years   ]

9. **Recommendation:**   [9 months' custody, consecutive to any other sentence being served.
*See* USSG § 7B1.3(f)- w/ no supervised release to follow                              ]

PROB 12C(D)
(11/96)

Defendant: Juan Carlos Cabrera                                September 7, 2017
Docket No.: 15CR00353-001-L                                              Page 5

## THE COURT ORDERS:

✓  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE
   TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED
   RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

   (Currently detained at Metropolitan Correctional Center in San Diego, California under Registration No.
   **26618-038**)

_____  Other _____

_____

_____               _____
The Honorable M. James Lorenz                        Date  9/11/17
Senior U.S. District Judge